CARROLL, Ex'r. of BISCOE *vs.* TYLER.—June, 1827.

The register of wills of a county where letters testamentary were granted, acting as the agent of an executor or administrator in the settlement of an estate, is on a footing with every other individual in the community, and entitled to compensation for his services as agent, though for those rendered in his official character, he can charge nothing but what the fee bill allows him.

The agent of an executor in the settlement of the testator's estate, to show himself entitled to compensation for his services, may offer in evidence the receipts of the representatives for their portions of the estate taken, acknowledged, and recorded according to law.

Copies of such receipts, duly attested under the seal of the recording office, are also evidence for the same purpose.

Where representatives of a deceased party made acknowledgments of receipts to an executor, for their portions of a testator's estate, before a justice of the peace, or register of wills of any county, in the absence of proof of actual residence elsewhere, they will be presumed to reside in the county where the acknowledgments were taken.

APPEAL from *Prince-George's* County Court.    Action of *assumpsit* for work and labour, &c.    The defendant, (now appellant,) pleaded the general issue.

1. The plaintiff, (the appellee,) gave evidence at the trial, that the defendant's testatrix was the administratrix of *George Biscoe*, late of *Prince-George's* county, deceased, and that he acted as her agent in the settlement of the estate of the said *George Biscoe*; and then offered to read in evidence certain documents, which after giving lists of the property of the deceased, are as follows: "Received on the 12th day of June

1818, of Mrs. *Araminta Biscoe*, administratrix of *George Biscoe*, deceased, the above list of property, amounting to the sum of three thousand six hundred and twenty-five dollars and ninety-one cents, on account of my dividend of the personal estate of the said *George Biscoe*, deceased; and if I have received more than my legal dividend thereof, I hereby oblige myself, my executors and administrators, to refund the same.

*George W Biscoe.*

Taken and acknowledged before me, the day and year first within mentioned.

*Trueman Tyler*, Reg. of Wills for *P. G.* Cty.

State of *Maryland*, *Prince-George's* county, set.    In testimony that the within and aforegoing is truly copied from the original filed and recorded in my office, I hereto [SEAL.] set my hand, and affix the public seal of my office, this 13th day of July, A. D. 1825.

*Trueman Tyler*, Reg. of Wills for *P. G.* Cty."

Also a similar receipt signed by *Charles Steuart*, and acknowledged and certified in like manner. To the admissibility of which evidence the defendant objected; but the Court, [*Stephen*, Ch. J. and *Key*, A. J.] were of the opinion that the said testimony was admissible, and permitted the same to be read to the jury. The defendant excepted.

2. The defendant then gave evidence, that during the time when the said services were rendered, the plaintiff was register of wills in and for *Prince-George's* county, duly commissioned and qualified; and then prayed the court to instruct the jury, that if the jury should be of opinion from the evidence, that the plaintiff was the register of wills in and for *Prince-George's* county, duly commissioned and qualified, at the time when the said services were rendered by the plaintiff to the defendant's testatrix, that then they must find a verdict for the defendant. Which direction the court refused to give; but were of opinion, and so directed the jury, that the plaintiff was not entitled to recover compensation for any services which he had rendered in his capacity of register of wills, or for which he had a right to charge as such, or which in any manner appertained to the duties of his office as register; but that he was

entitled to recover for any services which he rendered in his private or individual capacity. The defendant excepted; and the verdict and judgment being against him, he appealed to this court.

. The cause was argued before BUCHANAN, Ch. J. and EARLE, and MARTIN, J.

*C. Dorsey,* for the Appellant, contended, 1. That the receipts offered in evidence were inadmissible, it not being stated therein that the persons giving and acknowledging the receipts, resided in the county where the acknowledgments were made. 2. That the action could not be sustained, the consideration being contrary to the policy of the law.

On the *first* point, he referred to the act of 1809, *ch.* 168.

On the *second* point, he referred to the acts of 1801, *ch.* 74, *e.* 7; 1802, *ch.* 101, *s.* 4; 1816, *ch.* 203; and November 1779, *ch.* 25, *s.* 7.

*Stonestreet,* and *J. Johnson,* for the Appellee. 1. On the *first point,* they cited *Bryden v Taylor,* 2 *Harr. & Johns.* 396. The act of 1798, *ch.* 101, *sub ch.* 5. *Prather v Johnson, et al.* 3 *Harr. & Johns.* 487. *Bowie v Connelly,* 6 *Harr. & Johns.* 141.

2. On the *second point,* they contended that there was nothing in any act of assembly inhibiting the performance of the services for which compensation is claimed in this action, by a register of wills. The direction of the court below to the jury, guarded against the plaintiff's recovering for any services performed by him in his character of register. There is nothing to prevent a register of wills from acting as the agent of an executor or administrator.

EARLE, J. delivered the opinion of the Court. We concur in the opinions expressed by the court below, on both the bills of exceptions signed by them in this case, and we affirm their judgment.

The plaintiff below proved himself to have been the agent of *Araminta Biscoe,* in the settlement of *George Biscoe's* estate, on which she administered; and to show himself entitled to compensation for his services, as her agent, he offered in

evidence the receipts of two of the representatives of *George Biscoe*, deceased, which we think were properly suffered to be read to the jury for that purpose.

The copies offered were duly attested under the seal of the recording office, and appear to us to have been acknowledged and recorded agreeably to the act of 1809, *ch.* 168. They were recorded in the office of the register of wills of *Prince-George's* county, where *George Biscoe* died, and where of course letters of administration were taken on his estate, having been previously acknowledged before the said register.

It is objected, it does not appear that the representatives resided in *Prince-George's* county, and the acknowledgment should have been made before a justice of the peace or register of wills of the county, where they resided.

The place of their residence does not appear on the face of the acknowledgment; but that they were in *Prince-George's* county, at the time of making, it is clear, for else it could not have been made before the register of wills of that county. This indicates a temporary or transient residence, which we consider as sufficient; at least in the absence of proof of actual residence elsewhere. *Bryden v Taylor*, 2 *Harr & Johns.* 396.

The court in our judgment very properly refused the instructions as prayed in the *second* bill of exceptions, and discriminated well, between services rendered by the plaintiff in his official character of register of wills, and those performed by him in his private or individual capacity. For the first he could charge nothing, except what the fee-bill allowed him, but as to the last, he is on a footing with every other individual in the community. There are many highly responsible and laborious duties an administrator has to perform, to which a register of wills, as such, has nothing to say; and if at the instance of an administrator, he undertakes to transact them, no reason is perceived why he should not be compensated for his services.

JUDGMENT AFFIRMED.